## HINRICHS v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  May 5, 1904.)

**1. MUNICIPAL COURT ACT—REMOVAL OF CAUSE—JOINING ISSUE.**

Under Municipal Court Act, § 145, subd. 2 (Laws 1902, p. 1536, c. 580), providing that in all cases where a written complaint, verified or unverified, is served with the summons, a written answer, verified if the complaint be verified, must be filed and issue joined on the return day, and section 3 (page 1490), providing that defendant may, after issue is joined, and before an adjournment has been granted on his application, apply to the justice for an order removing the action, defendant, to obtain a removal to the City Court, must, where there is a verified written complaint, join issue on or before the return day by filing a verified written answer and proffering an undertaking, and in such case an oral pleading is ineffectual.

**2. APPEAL—FAILURE TO OBJECT IN LOWER COURT—EFFECT.**

Where no objection was taken to the filing of a verified answer in the Municipal Court after an adjournment had been had, the Appellate Term would, for the purpose of an appeal, treat the case as if issue had been properly joined on the day of filing the answer.

**3. MUNICIPAL COURT ACT—REMOVAL OF CAUSES—FORFEITURE OF RIGHT—REVIVOR.**

Under Municipal Court Act, § 145, subd. 2 (Laws 1902, p. 1536, c. 580), providing that, in cases where a written verified complaint is served with the summons, a written verified answer must be filed and issue joined on the return day, and section 3 (page 1490), providing that defendant, after issue is joined and before an adjournment is granted on his application, may apply to the justice for an order removing the action, a joining of issue by the filing of a verified answer by defendant, after it had suffered default on the return and an adjournment had been granted, which, while not had at defendant's request, resulted in its benefit, did not revive defendant's right, which was forfeited on the return day by failure to then join issue, to insist on a removal of the cause to the City Court.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Frederick W. Hinrichs against the Interurban Street Railway Company.. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Joseph J. Corn, Edward Lazansky, and Harrison B. Weil, for respondent.

LEVENTRITT, J.  The sole question involved on this appeal is whether the justice should have made an order removing this cause into the City Court.

The action was begun by the service of a summons and a verified complaint on the defendant.  On the return day, November 7, 1903, the defendant appeared, entered an oral general denial, and preferred an undertaking and order for removal to the City Court.  The plaintiff objected, and, the defendant being in default for failure to file a verified answer, the justice set the case down for immediate inquest.  As the plaintiff's witnesses were not in court, the default of the defendant

was noted, and the cause marked for inquest for November 11, 1903. On the morning of that day the defendant, without the plaintiff's consent, or leave of court first had, filed a verified answer. Upon the call of the calendar on that day, the defendant renewed his motion for removal upon the undertaking which had been theretofore filed. This motion was dismissed. Thereupon, on the defendant's motion, the plaintiff consenting, the cause was adjourned several times, until November 25th. At the opening of the trial on that day the motion was renewed, denied, and an exception taken. That exception brings up the proceedings for review.

I am of the opinion that the defendant, having suffered default on the return day, was thereafter not in a position to insist upon the removal of the cause.

Section 145, subd. 2, of the Municipal Court Act (Laws 1902, p. 1536, c. 580), provides:

"In all cases where a written complaint, verified or unverified, is served with the summons, a written answer, verified if the complaint be verified * * * must be filed and issue joined on the return day. * * *"

Section 3 of the same act (page 1490) provides:

"* * * The defendant may, after issue is joined and before an adjournment has been granted upon his application, apply to the justice * * * for an order removing the action."

The defendant, having defaulted in the joining of issue by failing to file a verified answer on or before the return day, forfeited his right to ask for a removal. Reading sections 3 and 145 together, it is incumbent on a defendant to join issue on the return day, and to proffer his undertaking, before he asks for an adjournment. Where there is a verified complaint, there is only one way of joining issue—by the filing of a verified answer. An oral pleading in such a case is ineffectual for any purpose. On the return day the defendant was therefore in default. It had not joined issue, which was an essential prerequisite to its right of removal. The oral general denial was unavailing, and the undertaking was properly rejected. The case was set down for inquest, and the defendant, taking advantage of the adjournment to enable the plaintiff to proceed with his proof, filed a verified answer before the morning set for the taking of the inquest. This was not joining issue on the return day; it is questionable whether it was joining issue at all. But as no objection was made, and the case was tried on the pleadings as then before the court, issue must, for the purposes of this appeal, be taken as joined on that day. This joining of issue, however, did not revive the defendant's right to insist on a removal. It had suffered default; it was before the court as a matter of favor; its ability to interpose any defense was the result of the adjournment, which, while not had at its request, resulted in its benefit. Had the inquest been taken on the return day, and the defendant thereafter moved to open the default, the subsequent interposition of an answer would not have revived the right to have a removal. No greater right arose because the taking of the inquest was postponed. The entire spirit and intent of the sections involved are to require promptness on the part of a defendant. He must be guilty of no affirmative act to delay the case. He must join issue on the return day. He must ask for no adjourn-

ments.  He cannot invoke the favor of the court for the purpose of depriving it of jurisdiction.

The motion was properly denied, and, as the record presents no other question for review, the judgment must be affirmed, with costs. All concur.